## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **In Re:** | ) | **Chapter 7    Proceeding** |
| | ) | |
| **Elisabeth E. Johnson aka Elisabeth E. Angell** | ) | **Case No. 09-23834 (ASD)** |
| **Debtor** | ) | **Re: Doc. I.D. No. 14** |
| U.S. Bank, N.A. | ) | |
| Movant | ) | |
| vs. | ) | |
| Elisabeth E. Johnson aka Elisabeth E. Angell | ) | |
| and Anthony S. Novak, Trustee | ) | |
| Respondent | ) | |

### ORDER GRANTING MOTION FOR RELIEF

After notice and a hearing, <u>see</u> Bankruptcy Code Section 102(1), on U.S. Bank, N.A., (hereafter, the "Movant"), <u>Motion for Relief from the Automatic Stay</u>, (hereafter, the "Motion") Doc. I.D. No. 14:

**IT IS HEREBY ORDERED** that the Motion is Granted—the automatic stay of 11 U.S.C. § 362(a) is modified to permit the Movant, its designated servicing agent, and/or its successors and assigns to commence, continue, and prosecute to judgment a foreclosure action and otherwise exercise its rights, if any, with respect to real property known as **164 Elliot Drive, Colchester, Connecticut** in accordance with applicable state law, and

**IT IS FURTHER ORDERED** that the Movant, its designated servicing agent, and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement, including accepting a deed in lieu of foreclosure from the Debtor. The Movant or its designated servicing agent may contact the Debtor via telephone or written correspondence to offer such an agreement. In the event the Debtor receives a discharge, any such agreement shall be non-recourse against the Debtor unless included in a reaffirmation agreement, and

**IT IS FURTHER ORDERED** that the Movant may assess the Debtor's mortgage account with reasonable attorney's fees of $500.00 and costs of $150.00 in connection with this Motion for Relief from Stay. In the event the Debtor receives a discharge, such fees and costs shall be non-recourse against the Debtor unless included in a reaffirmation agreement, and

**IT IS FURTHER ORDERED** that the 14-day stay of Fed.R.Bankr.P. 4001 (a)(3) is not applicable and the Movant may immediately enforce and implement this order.

Dated: March 17, 2010                                      BY THE COURT

FULL COMPLIANCE WITH
SHORT CALENDAR PROCEDURE

*Durrenberger*

Albert S. Dabrowski
United States Bankruptcy Judge